UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-21649-ELFENBEIN

**DAVID PEYTON**,

    Plaintiff,

v.

**ERIC K. GRANT**,

    Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S SECOND AMENDED COMPLAINT

**THIS CAUSE** is before the Court on Defendant Eric K. Grant's ("Defendant's") Motion for Summary Judgment on Plaintiff David Peyton's ("Plaintiff") Second Amended Complaint, (the "Motion"), ECF No. [345]. Having reviewed the Motion, the Response, and Reply, as well as the record[1] and relevant law, Defendant's Motion for Summary Judgment, **ECF No. [345]**, is **GRANTED**.

---

[1] The Court takes the information in this section from the full summary judgment record, including Plaintiff's Second Amended Complaint (the "Complaint"), Defendant's operative Answer and Affirmative Defenses and Counterclaim (the "Counterclaim"), Plaintiff's Answer to the Counterclaim, the Parties' motions for summary judgment and responses thereto, statements of material fact and responses thereto, and the documentary evidence on the docket. *See, e.g.*, ECF No. [41]; ECF No. [162]; ECF No. [280-1]; ECF No. [282]; ECF No. [313]; ECF No. [331]; ECF No. [342]; ECF No. [343]; ECF No. [345]; ECF No. [345-1]; ECF No. [359]; ECF No. [360]; ECF No. [373]; ECF No. [373-1]; ECF No. [375]; ECF No. [375-1]; ECF No. [382]; ECF No. [383]; ECF No. [383-1]; *Zurich Am. Ins. Co. v. Nat'l Specialty Ins. Co.*, 246 F. Supp. 3d 1347, 1354–55 (S.D. Fla. 2017). As required on summary judgment, the Court considers these "facts" in the light most favorable to the non-moving party, meaning Defendant on Plaintiff's Motion for Summary Judgment, and Plaintiff on Defendant's Motion for Summary Judgment. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006) ("Even though the facts, as accepted at the summary judgment stage of the proceedings, may not be the actual facts of the case," a court's "analysis for purposes of summary judgment must begin with a description of the facts in the light most favorable to the" non-moving party. (citations and quotation marks omitted)).

## I. INTRODUCTION

This business dispute arises from the Parties' relationship with Nexxt Gen Corporation ("Nexxt Gen"), including disagreements about their respective ownership and roles, and allegations of misuse of company resources. Plaintiff originally brought this action individually and as a shareholder of Nexxt Gen against Defendant and Nexxt Gen. *See* ECF No. [162]. The Second Amended Complaint, which is the operative pleading ("the Complaint"), alleges that Defendant and Nexxt Gen engaged in a course of conduct that included: (i) treating Plaintiff as an owner and/or shareholder (or inducing him to work under that understanding); (ii) mishandling or diverting company funds; and (iii) committing related contractual, tort, and equitable wrongs. *See generally id*. In connection with these allegations, Plaintiff brings fourteen claims: Counts I-II (fraudulent transfers); Counts III-VI (conversion of funds); Count V (breach of contract); Counts VI and VII (negligence and gross negligence); Count VIII (fraud in the inducement); Count IX (declaratory judgment); Count X (constructive trust); Count XI (breach of fiduciary duty); Counts XII and XIII (unjust enrichment and quantum meruit); and Count XIV (false informational return in violation of 26 U.S.C. § 7430). *See id*. at 21-43.

On February 28, 2025, the Court dismissed Counts I, II, and III with prejudice. *See* ECF No. [259] at 3. On August 28, 2025, after bifurcating the case for a Phase I bench trial to resolve threshold ownership issues — including whether, *inter alia*, Plaintiff and Intervenor Plaintiff David Martinez ("Martinez") held any equity interest in Nexxt Gen as shareholders under the Shareholder Agreement and whether Plaintiffs established the existence of a joint venture with Defendant — the Court conducted a bench trial and issued its Order After Phase I Trial (the "Phase I Order"). *See* ECF Nos. [331], [160]. In that Order, the Court determined that, although the

2

Parties executed a Shareholder Agreement that *assumed* they were already shareholders, the agreement "was not created *after* the issuance of any shares[,]" and, in fact, no shares were ever issued to Plaintiff or Martinez. *See* ECF No. [331] at 21, 25–26, 34 (emphasis in original). The Court further found that, at the first board meeting in August 2019, the Parties could have voted to issue shares but did not, and that Plaintiff "purposefully" chose not to be issued shares based on the perceived tax consequences of a taxable event. *See id*. at 22-23, 25, 26–27. The Court also rejected Plaintiff's pleaded theory that they formed a joint venture with Defendant "beginning in 2016," concluding they failed to establish the elements of a joint venture on that timeline as alleged, and declined to reform the pleadings to adjudicate a different, unpleaded joint-venture theory premised on later events. *See id*. at 29–33, n. 14. Accordingly, the Court resolved the Phase I ownership issue in Defendant's favor as to Nexxt Gen, held that its findings and conclusions were the law of the case, and entered judgment for Defendant on Count IX, which sought declaratory relief premised on Plaintiff's claimed ownership and /or shareholder status. *See id*. at 25, 34. Plaintiff's remaining claims include Counts IV-VIII and X-XIV.

On September 22, 2025, the Parties filed their respective Motions for Summary Judgment requesting the Court grant summary judgment on the opposing Party's claims. *See* ECF No. [342]; ECF No. [345]. Defendant moved for summary judgment on Plaintiff's remaining claims, Counts IV-VIII and X-XIV. *See* ECF No. [345]. Plaintiff, however, concedes that Counts IV-VII, IX-XI, and XIV cannot stand in light of the Phase I Order. *See* ECF No. [375] at 1. The Court, therefore, need not summarize Defendant's arguments on the merits of those claims.

As to the remaining claims, Counts VIII, XII, and XIII, Defendant's Motion argues that the Phase I findings and the undisputed record foreclose essential elements of each claim. As to fraud in the inducement (Count VIII), Defendant contends Plaintiff cannot prove the purportedly

3

false statement (i.e. that Grant falsely represented to Peyton that he was a Nexxt Gen shareholder) because the Phase I Order establishes that Plaintiff "purposefully" chose not to have shares issued to them, and thus Plaintiff's theory is the already-resolved ownership dispute repackaged as fraud. *See* ECF No. [345] at 9-10.  As to unjust enrichment (Count XII), Defendant argues Plaintiff cannot show it would be inequitable for Defendant to retain any benefit because the record demonstrates Plaintiff was compensated through profit splits and substantial payments from Nexxt Gen.  *See id*. at 12–13.  Therefore, there was no uncompensated benefit retained by Defendant.  *See id*.  Finally, as to quantum meruit (Count XIII), Defendant argues the claim fails as a matter of law because Plaintiff's alleged entitlement to compensation is governed by express agreements regarding how the Parties would be paid, including profit-splitting and salary arrangements, and Florida law bars an implied contract recovery where an express contract covers the same subject matter.  *See id*. at 13-15.  Defendant also emphasizes that Plaintiff's own admissions and the Phase I findings confirm he, in fact, received compensation consistent with those arrangements.  *See id*.

Plaintiff opposes summary judgment only as to Counts VIII, XII, and XIII, arguing there are genuine disputes of material fact on each claim notwithstanding the Phase I Order.  As to fraud in the inducement (Count VIII), Plaintiff contends the alleged fraud is not that Defendant falsely told Plaintiff he would be a shareholder, but that Defendant and his lawyer and Certified Public Accountant ("CPA"), Bill Henson ("Mr. Henson"), falsely warned him that accepting shares would trigger massive, "multi-million-dollar" tax liability, and did so to induce Plaintiff to refuse acceptance of his equity in Nexxt Gen.  *See* ECF No. [375] at 3-5.  Plaintiff argues this "tax lie" satisfies the elements of fraudulent misrepresentation and that the key disputed issue is whether the tax representation was false and knowingly made to induce reliance.  *See id*.  As to unjust enrichment (Count XII), Plaintiff argues the dispositive question is not whether he received some

payments, but whether Defendant paid the full value of what Plaintiff conferred. *See id*. at 5. Specifically, Plaintiff argues that through his company DPC Consulting LLC ("DPC Consulting"), he contributed approximately $400,000 to purchase Nexxt Gen's hub equipment — money Plaintiff claims was never repaid — making it inequitable for Defendant to retain that benefit. *See id*. at 5-6. Plaintiff also argues that he did not receive "the tax benefits and breaks of the expenses and losses associated with being an equal owner of Nexxt [Gen]" and it would be "inequitable for [Defendant] to be entitled to retain the value of all of the tax benefits for Nexxt [Gen]." *See id*. at 6. Finally, as to quantum meruit (Count XIII), Plaintiff acknowledges quantum meruit is unavailable where an express contract governs compensation, but argues that no written or oral agreement covered reimbursement of the alleged $400,000 contribution, so an implied-contract remedy remains available because a reasonable person who accepted that benefit would be expected to pay for it. *See id*. at 6.

In his Reply, Defendant argues that Plaintiff's Response confirms summary judgment should be entered on all remaining counts because Plaintiff attempts to avoid summary judgment by advancing new, unpled theories. *See* ECF No. [382] at 6-10. Defendant contends Plaintiff abandons the fraud-in-the-inducement claim as pled and instead pivots to a new "tax lie" inducement theory that was never pled and cannot be raised for the first time on summary judgment — particularly given Rule 9(b)'s heightened pleading requirements for fraud. *See id*. at 6-8. Defendant adds that Plaintiff's own prior sworn discovery responses and deposition and trial testimony repeatedly disclaimed reliance on any tax misrepresentation, so Plaintiff cannot manufacture a genuine factual dispute now with a contradictory narrative. *See id*. at 7-8. Finally, Defendant argues Plaintiff also abandons the unjust enrichment and quantum meruit claims as pled for nonpayment for services and improperly substitutes a new theory centered on an alleged

$400,000 contribution and unspecified "tax benefits." *See id*. at 8-10.  Defendant argues that neither theory appears anywhere in the Complaint and, in any event, the $400,000 was not Plaintiff's money because Plaintiff admitted he was a "straw contributor," and the actual contributor, Daniel Levi, confirmed the funds were his.  *See id*. at 9.  The Motion has been fully briefed and is ripe for this Court's review.[2]

## II.  LEGAL STANDARDS

### A.  Summary Judgment Standard

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008).  And a fact is material if it "would affect the outcome of the suit under the governing law." *Id.*  "The mere existence of a scintilla of evidence in support of" the non-moving party's "position will be insufficient; there must be evidence on which the jury could reasonably find for the" non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.  *See Davis*, 451 F.3d at 763.  "Even when the parties agree on the basic facts, summary judgment is inappropriate if reasonable minds might differ on the inferences to be drawn from those facts." *Carlin Commc'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802

---

[2] Because the Court already conducted a Phase I bench trial and issued factual findings that govern the threshold ownership issues, there is no need to recite the Parties' "undisputed" facts anew.  The Court relies on the facts found at trial and explained in the Phase I Order, except to the extent Plaintiff now attempts to inject additional facts in response to summary judgment.  To the extent Plaintiff's responsive Statement of Material Facts, ECF No. [375-1], asserts "additional" facts tied to unpled theories, the Court need not determine whether those facts are genuinely disputed because they are not material to the claims as pled.

F.2d 1352, 1356 (11th Cir. 1986). The Court "may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied." *Id.*; *see also Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007).

The moving party shoulders the initial burden to demonstrate the absence of a genuine issue of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). If the movant satisfies this burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To do that, the non-moving party "must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." *See Shiver*, 549 F.3d at 1343. This standard applies equally to defendants seeking summary judgment based on their affirmative defense; "[t]he reason is that the defendant bears the burden of proof on his or her affirmative defense at trial." *See Special Purpose Accounts Receivable Co-op Corp. v. Prime One Capital Co.*, 125 F. Supp. 2d 1093, 1098-99 (S.D. Fla. 2000) (citing *Thorsteinsson v. M/V Drangur,* 891 F.2d 1547, 1550–51 (11th Cir.1990)). This evidence can include the party's "own affidavits," along with "depositions, answers to interrogatories, and admissions on file." *See Zurich Am. Ins. Co.*, 246 F. Supp. 3d at 1355; *see also* Fed. R. Civ. P. 56(c)(1)(A).

Still, the court "cannot base the entry of summary judgment on the mere fact that" the non-moving party fails to respond to a fact or argument made by the movant "but, rather, must consider the merits of the motion." *See United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). Even where the non-moving party does

not properly put any alleged material facts in controversy, the Court cannot grant summary judgment unless it "review[s] the full record on summary judgment," *Reese v. Herbert*, 527 F.3d 1253, 1271 (11th Cir. 2008), and is satisfied that the record "supports the uncontroverted material facts that the movant has proposed," *Zurich Am. Ins. Co.*, 246 F. Supp. 3d at 1355.

### B. Substantive Law of the Claims

#### 1. Fraud in the Inducement

"To establish a claim of fraud in the inducement under Florida law, a plaintiff must establish that: (1) the representor made a false statement concerning a material fact; (2) the representor knew or should have known that the representation was false; (3) the representor intended to induce another party to act in reliance on the false statement; and (4) the party acted in justifiable reliance on the representation and was injured as a result." *Glob. Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1029–30 (11th Cir. 2017) (citing *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010)); *see also Leader Glob. Sols., LLC v. Tradeco Infraestructura, S.A. DE C.V.*, 155 F. Supp. 3d 1310, 1319 (S.D. Fla. 2016). In doing so, Rule 9(b) requires that plaintiffs "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *Francois v. Hatami*, 565 F. Supp. 3d 1259, 1267 (S.D. Fla. 2021) (plaintiffs "must meet the heightened pleading standard of Rule 9(b)").

Specifically, plaintiffs "must allege precisely what statements were made, the time and place of each such statement and the person responsible for making it, the content of such statements and the manner in which they misled the plaintiff, and what the defendants obtained as a consequence of the fraud." *See Francois*, 565 F. Supp. 3d at 1267 (quotation marks and citation omitted); *see also Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997))

(internal quotation marks omitted).  Even so, the "elements of fraud — particularly including intent and knowledge — may be, and often are, proven by circumstantial evidence." *See Glob. Quest*, 849 F.3d at 1030.  "With respect to the rule of justifiable reliance," the Eleventh Circuit has said that "when negotiating or attempting to compromise an existing controversy over fraud and dishonesty[,] it is unreasonable to rely on representations made by the allegedly dishonest parties." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117–18 (11th Cir. 1999) (alteration adopted, quotation marks omitted).

### 2. Unjust Enrichment

"Under Florida law, a claim for unjust enrichment is to prevent the wrongful retention of a benefit, or the retention of money or property of another, in violation of good conscience and fundamental principles of justice or equity." *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1101 (11th Cir. 2021) (quotation marks omitted).  The Eleventh Circuit, applying Florida law, states that "[a] claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Group, Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012) (citing *Fla. Power Corp. v. City of Winter Park,* 887 So. 2d 1237, 1241 n.4 (Fla. 2004) (quoting *Ruck Bros. Brick, Inc. v. Kellogg & Kimsey, Inc.,* 668 So. 2d 205, 207 (Fla. 2d DCA 1995)); *Marrache*, 17 F.4th at 1101.

Moreover, the Florida Supreme Court states that "to prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant." *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017) (citing *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla. N.A.*, 667 So. 2d 876, 879 (Fla. 3d DCA 1996)); *see also Ritchie v. Dolman*, No. 20-CV-61047, 2020 WL

8812834, at *15 (S.D. Fla. Dec. 10, 2020); *Duty Free World, Inc. v. Miami Perfume Junction, Inc.*, 253 So. 3d 689, 693 (Fla. 3d DCA 2018); *cf. Hull & Co., Inc. v. Thomas*, 834 So. 2d 904, 907 (Fla. 4th DCA 2003). "This proposition is well-settled in Florida law." *Chiquita Fresh N. Am., L.L.C. v. Port Everglades Terminal, LLC*, 372 So. 3d 277, 281 (Fla. 4th DCA 2023) (collecting cases); *see also Johnson v. Catamaran Health Sols., LLC*, 687 F. App'x 825, 830 (11th Cir. 2017) (recognizing that to bring an unjust enrichment claim in Florida, the plaintiff must have conferred a "direct benefit" on the defendant); *Steven L. Steward & Assocs., P.A. v. Truist Bank*, No. 20-CV-1083-Orl-40-GJK, 2020 WL 5939150, at *2 (M.D. Fla. Oct. 6, 2020) (following *Kopel* and *Peoples Nat'l Bank*).

### 3. Quantum Meruit

"Quantum meruit is a cause of action for compensation owed on services rendered in the absence of a contract." *Opus Grp., LLC v. Int'l Gourmet Corp.*, No. 11-CV-23803, 2013 WL 12383483, at *6 (S.D. Fla. Mar. 12, 2013). "To satisfy the elements of quantum meruit at Florida common law, Plaintiff must show that it provided, and that Defendant assented to and received, a benefit in the form of *goods or services* under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it." *Id*. (citing *Babineau v. Fed. Exp. Corp.*, 576 F.3d 1183, 1194 (11th Cir. 2009) (emphasis in original).

Additionally, the Eleventh Circuit has stated that, Florida courts hold that "[q]uantum meruit relief is founded upon the legal fiction of an implied contract. This fiction cannot be maintained, however, when the rights of the parties are described in a written contract." *Sea Byte, Inc. v. Hudson Marine Mgmt. Servs., Inc.*, 565 F.3d 1293, 1301 (11th Cir. 2009) (quoting *Corn v. Greco,* 694 So. 2d 833, 834–35 (Fla. 2d DCA 1997); *see also Cross v. Strader Const. Corp.,* 768

So. 2d 465, 466 (Fla. 2d DCA 2000) ("Quantum meruit is the antithesis of matters contracted for. Quantum meruit damages cannot be awarded when an enforceable contract exists."); *Harding Realty, Inc. v. Turnberry Towers Corp.,* 436 So. 2d 983, 984–985 (Fla. 3d DCA 1983) ("[T]he law will not imply a contract where a valid express contract exists."); *Solutec Corp. v. Young & Lawrence Assocs., Inc.,* 243 So. 2d 605, 606 (Fla. 4th DCA 1971) ("Any proof of an express agreement between the parties as to the compensation to be paid for the services rendered would defeat rather than sustain an action based upon quantum meruit. . . .").

### III.  DISCUSSION

As noted above, Plaintiff concedes that Counts IV, V, VI, VII, IX, X, XI, and XIV, cannot stand in light of the Phase I Order and, therefore, opposes the Motion only as to Counts VIII, XII, and XIII. *See* ECF No. [375] at 1. Accordingly, the Court **GRANTS** summary judgment in Defendant's favor on **Counts IV, V, VI, VII, IX, X, XI, and XIV** due to Plaintiff's abandonment of these claims and based on the findings made in the Phase I Order. *See* ECF No. [331].

On the remaining claims, fraud in the inducement (Count VIII), unjust enrichment (Count XII), and quantum meruit (Count XIII), Defendant shoulders the initial burden to demonstrate the absence of a genuine issue of material fact, and if satisfied, Plaintiff "must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." *See Shiver*, 549 F.3d at 1343; *Special Purpose*, 125 F. Supp. 2d at 1098; *Matsushita*, 475 U.S. at 586. The remaining claims, Counts VIII, XII, and XIII, are taken in turn.

**A. Fraud in the Inducement (Count VIII)**

As pled in Count VIII, Plaintiff alleges that Defendant made misrepresentations that Plaintiff was a shareholder and joint owner in Nexxt Gen, and in reliance on those misrepresentations, Plaintiff contributed his experience, connections, and efforts to Nexxt Gen.

*See* ECF No. [162] at ¶¶201, 210-13, 218-226, 229.  Plaintiff further alleges that Defendant never issued the shares to Plaintiff despite his "repeated demands [] to issue shares to [him]." *See id*. at ¶¶213-17.  The Phase I Order found that, although the Parties executed a Shareholder Agreement, Plaintiff and Martinez purposefully chose not to have shares issued to them based on perceived tax consequences.  *See* ECF No. [331] at 22-25.  Against that backdrop, Plaintiff now reframes his fraudulent inducement claim with a different misrepresentation than the ownership-centered allegations litigated in Phase I.  Plaintiff now characterizes the alleged misrepresentation as a false warning, purportedly made by Defendant and now Mr. Henson, that accepting shares would trigger massive, "multi-million-dollar" tax liability, causing Plaintiff to "voluntarily agree" that Nexxt Gen should not issue shares to him.  *See* ECF No. [375] at 3-4.

    Defendant is entitled to summary judgment on Count VIII for two independent reasons.  First, Plaintiff's opposition abandons the fraud theory actually pled,[3] and even if the Court were to look past Plaintiff's abandonment and consider the misrepresentation theory as pled on the merits, the Phase I findings foreclose the essential elements of falsity and justifiable reliance as to any alleged misrepresentation that Plaintiff was a Nexxt Gen shareholder.  The Phase I Order's findings defeat essential elements of fraud in the inducement as to any representation that Plaintiff was a shareholder.  Fraud in the inducement requires, among other things, a false statement of material fact, and justifiable reliance causing injury.  *See Glob. Quest*, 849 F.3d at 1029–30 (citing *Butler*, 44 So. 3d at 105).  The Phase I Order resolved that Plaintiff never became a Nexxt Gen shareholder and further found that Plaintiff purposefully chose not to have shares issued based on perceived tax consequences.  *See* ECF No. [331] at 22-25.  Given those findings, the pleaded

---

[3] "We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

"shareholder-status" theory fails in two ways. First, Plaintiff cannot show that any alleged statement that he "already was" a shareholder was a materially false statement that induced him to act, where the Phase I findings establish the absence of issued shares and Plaintiff's own role in the decision not to consummate issuance. And second, Plaintiff cannot show justifiable reliance on any such purported shareholder-status representation when the operative facts establishing non-issuance and the contemporaneous decision not to issue shares were within Plaintiff's knowledge and control. *See Global Quest*, 849 F.3d at 1029–30. Accordingly, because Plaintiff has abandoned the misrepresentation theory pled and the Phase I findings independently foreclose falsity and justifiable reliance as to that theory, Defendant is entitled to summary judgment on Count VIII.

Second, Plaintiff cannot defeat summary judgment by pivoting to an unpled fraud theory. In his opposition, Plaintiff reframes the alleged fraud as a false "tax consequences" inducement — *i.e.*, that Defendant (and now Henson) misrepresented that accepting shares would trigger "multi-million dollar" tax liability to induce Plaintiff not to accept shares. *See* ECF No. [375] at 4. But "a plaintiff may not amend her complaint through argument in a brief opposing summary judgment." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). This principle has particular force in fraud cases because Rule 9(b) requires the plaintiff to plead — and ultimately prove — the precise statements alleged to be fraudulent, including who made them, when and where they were made, and how they misled the plaintiff. *See Ziemba*, 256 F.3d at 1202 (quoting *Brooks,* 116 F.3d at 1371). Plaintiff's attempt to substitute a different alleged misrepresentation at the summary-judgment stage — rather than the misrepresentation pled — is contrary to *Gilmour* and Rule 9(b). On that basis alone, Plaintiff's new summary judgment version

of Count VIII cannot proceed to trial.  As a result, the Court **GRANTS** summary judgment in Defendant's favor on **Count VIII**.

### B. Unjust Enrichment (Count XII)

Plaintiff's unjust enrichment claim alleges that Plaintiff "performed *services* on behalf of Nexxt Gen . . . for the benefit of [Defendant], under the auspices that he is and was a shareholder of Nexxt Gen. . ." *See* ECF No. [162] at ¶273 (emphasis added).  Plaintiff alleges that he "has not been paid for the *services* he performed . . . in the event that it is determined that he is not a shareholder of Nexxt Gen . . ." *See id*. at ¶275 (emphasis added).  Further, that Plaintiff "has caused an unjust benefit to Nexxt Gen . . . and/or Mr. Grant, for which he has not received remuneration." *See id*. at ¶276.  In Plaintiff's Response, he concedes that Defendant paid Plaintiff "something" but did not pay Plaintiff the "full value of the benefit conferred upon [Defendant]." *See* ECF No. [375] at 5.  Plaintiff then narrows his claim to a $400,000.00 contribution he made to Nexxt Gen for which he alleges he was never paid back. *See id*. at 5-6.  Plaintiff also states that he "did not receive the tax benefits and breaks of the expenses and losses associated with being an equal owner of Nexxt [Gen]." *See id*. at 6.

Defendant is entitled to summary judgment on Count XII for two separate reasons.  First, as with fraud in the inducement, Plaintiff's opposition abandons his theory as pled by failing to make supporting arguments and based on his concession that he was indeed paid "something." *See Sapuppo*, 739 F.3d at 681 ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").  Second, Plaintiff cannot defeat summary judgment by pivoting to new, unpled benefit theories — an alleged $400,000 contribution and "tax benefits" — when the operative Complaint alleges only that Plaintiff conferred *services* and was not paid.  Plaintiff's

allegations altogether fail to reference any monetary contribution relating to the unjust enrichment claim or the Complaint more generally. *See* ECF No. [162] at ¶¶273-277.

As previously stated, Rule 8(a) requires that a pleading contain a "short and plain statement" showing entitlement to relief, but the Eleventh Circuit has made clear that once the case has proceeded through discovery and into summary judgment, a plaintiff may not effectively recast the claim through briefing. *See Gilmour*, 382 F.3d at 1315 ("At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint . . . [a] plaintiff may not amend her complaint through argument in a brief opposing summary judgment."). Here, Plaintiff's Response confirms that he is now resisting summary judgment on unjust enrichment primarily by asserting that Defendant retained an uncompensated $400,000 benefit tied to hub equipment and "tax benefits" Plaintiff says he did not receive. *See* ECF No. [375] at 5-6. Neither of these newly asserted "benefits" remotely qualify as a "service" as contemplated by the Complaint, but attempt to change the operative unjust enrichment theory to materially different ones. Plaintiff cannot rely on them for the first time at summary judgment to avoid entry of judgment as a matter of law. *See Gilmour*, 382 F.3d at 1315.

Because these new facts are not pled, the Court need not address whether they raise a dispute of material fact. Nevertheless, the Court notes that the tax benefit theory runs directly afoul to the Phase I findings. The Phase I Order found that Plaintiff purposefully chose not to have shares issued based on perceived tax consequences. *See* ECF No. [331] at 22-25. Having elected not to receive shares on tax-related grounds, Plaintiff cannot plausibly recast the resulting absence of shareholder-linked tax attributes as an inequitable "benefit" wrongfully retained by Defendant. Unjust enrichment is an equitable doctrine designed to prevent retention of another's money or property "in violation of good conscience and fundamental principles of justice or equity." *See*

*Marrache*, 17 F.4th at 1101. Where the Court has already found that Plaintiff made a purposeful choice not to become an equity holder due to perceived tax consequences, the record does not support the conclusion that it is "against good conscience" for Defendant to retain ownership-linked tax consequences that follow from Plaintiff's own decision not to take ownership.

For these reasons, Plaintiff's newly developed benefit theories are not properly before the Court at summary judgment. As a result, the Court **GRANTS** summary judgment in Defendant's favor on **Count XII**.

### C. Quantum Meruit (Count XIII)

Identical to the unjust enrichment claim, Plaintiff's quantum meruit claim alleges that Plaintiff "performed *services* on behalf of Nexxt Gen . . . for the benefit of [Defendant], under the auspices that he is and was a shareholder of Nexxt Gen . . ." and he has not been paid for these services. *See* ECF No. [162] at ¶¶279, 281 (emphasis added). The only difference from the unjust enrichment claim is that Plaintiff alleges that he "has not received the value of his services from Nexxt Gen . . . and/or [Defendant], for services performed." *See id*. at ¶282. In the Response, Plaintiff likewise reframes his claim to a $400,000.00 contribution he made to Nexxt Gen for which he alleges he was never paid back. *See id*. at 6.

Plaintiff's quantum meruit claim fails for the same reasons articulated for unjust enrichment. First, Plaintiff's opposition abandons his theory as pled by failing to make supporting arguments. *See Sapuppo*, 739 F.3d at 681 ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). Plaintiff fails to develop an argument about what services were uncompensated and why the evidence creates a triable issue on what services were unpaid.

Having failed to develop an argument supporting the theory he actually pled in the Complaint, Plaintiff effectively waives this issue.

Second, Plaintiff cannot defeat summary judgment by pivoting to a new, unpled benefit theory. *See Gilmour*, 382 F.3d at 1315. Plaintiff's new $400,000 theory is not a "service" theory at all as pled in Count XIII. On this basis, summary judgment on Plaintiff's evolving quantum meruit claim is warranted. As a result, the Court **GRANTS** summary judgment in Defendant's favor on **Count XIII**.

## IV.   CONCLUSION

For the reasons explained above, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment, **ECF No. [345]**, is **GRANTED** in Defendant's favor as to all remaining claims **(Counts IV through XIV)** in the Second Amended Complaint. The Clerk of Court is **DIRECTED** to **CLOSE** this case. All deadlines are **TERMINATED** and all Motions are **DENIED as moot**.

 **DONE and ORDERED** in Chambers in Miami, Florida on February 6, 2026.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record